TOMÁS E. GUAL, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. J. M. CALDERÓN, JR., JUDGE, Respondent; ROSA PÉREZ PÉREZ, Intervener.

No. 1822.   Argued April 19, 1950.—Decided April 27, 1950.

*Mañuel I. Vallecillo* for petitioner. *Daniel Pellón Lafuente* and *Mariano Acosta Velarde* for intervener, respondent in the main action.

---

MR. JUSTICE MARRERO delivered the opinion of the Court.

In an action for a declaratory decree instituted by Tomás E. Gual, petitioner herein, against Rosa Pérez Pérez and Salvador J. Pérez, the lower court rendered judgment on May 6, 1949, sustaining the petition. Notice of said judgment was served on the parties on May 11, and on May 17 the defendants filed a motion for reconsideration grounded on the errors of law which they specified, committed in their judgment by the respondent court.

On May 20, the lower court issued an order setting June 6, 1949, at nine o'clock a. m., to hear the parties on the above motion. On May 27, the defendants served on plaintiff their motion for reconsideration to which the latter objected, and after a reply was filed by the defendant, which was followed by a rejoinder and the case was heard, the lower court decided on September 6, that under Rule 59(b) of the Rules of Civil Procedure it lacked jurisdiction to entertain and decide said motion. On September 9, the defendants moved for the reconsideration of that order. The lower court granted it on the 22d of that same month and held that motions for reconsideration are governed by § 292 of the Code of Civil Procedure and not by Rule 59(b) but left pending decision the motion for reconsideration of May 17, which was directed to the merits of the case. At the instance of the plaintiff in that action, we issued a writ of certiorari to review the order of the lower court of September 22. The only question to be considered herein is, therefore, whether motions for reconsideration are governed by Rule 59(b)[1] or by § 292 of the Code of Civil Procedure.[2]

---

[1] If motions for reconsideration were governed by Rule 59 (b), the lower court could not entertain the one filed by the intervener herein on May 17, since the same was not served on the plaintiff "not later than ten days after the entry of the judgment". (The motion for reconsideration was served on May 27).

[2] In harmony with the provisions of Rule 57, the same are applicable to actions for declaratory judgments.

■■ Section 292 of the Code of Civil Procedure, as amended by Act No. 67 of May 8, 1937 (p. 190), provides insofar as pertinent that:

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, *within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment,* or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered, *file in the court where the judgment* or resolution *was rendered, an ex-parte petition for the review or reconsideration of its judgment* or resolution, *stating therein the facts and the fundamentals of law on which the application is based."* (Italics ours.)

And Rule 59 (*b*) provides:

"(*b*) Time for Motion. *A motion for a new trial* shall be served not later than 10 days after the entry of the judgment, except that a *motion for a new trial* on the ground of newly discovered evidence may be made after the expiration of such period and before the expiration of the time for appeal, with leave of court obtained on notice and hearing and on a showing of due diligence." (Italics ours).

In maintaining that motions for reconsideration in actions governed by the Rules fall within Rule 59 (*b*) and not within § 292 of the Code of Civil Procedure, the petitioner mainly relies on *Safeway Stores* v. *Coe*, 136 Fed. 2d 771 (United States Court of Appeals for the District of Colombia, 1943), and *Jusino* v. *Morales & Tió*, 139 Fed. 2d 946 (Circuit Court of Appeals, First Circuit, 1944), wherein it was held that under the Federal Rules a petition for rehearing is equivalent in all respects to a motion for a new trial, and that therefore, petitions for rehearing should fall within that rule. He also contends that as the first of the foregoing cases was decided before September 1, 1943, on which date our Rules took effect, and since they were adopted subject to the construction given to them up to that time, the Puerto Rican courts are bound to decide that a motion for reconsideration

filed in actions governed by the Rules, falls within said Rules and not within the Code of Civil Procedure.

We have carefully studied the question involved herein and in our judgment the decisions of the federal courts bearing on Rule 59 (*b*) are not applicable in our jurisdiction, since the motions for reconsideration which they have identified with motions for a new trial are motions which as a general rule are directed not only to the merits of the case, but also requiring a new trial. And we say this, aware of the fact that in *Safeway Stores* v. *Coe*, as well as in *Jusino* v. *Morales & Tió*, cited by the petitioner, the motions for rehearing challenged decisions rendered on questions of law which although upon being decided in favor of the plaintiff put an end to the litigation, did not require the introduction of evidence, or strictly speaking, the holding of a new trial.[3]

Upon comparing both, our Rule and Federal Rule 59 we shall see how they differ essentially. Subdivision (*a*) of our Rule recites as follows:

"*Grounds.—A new trial may be granted* to all or any of the parties and on all or part of the issues *on any of the grounds on which new trials have heretofore been granted in accordance with section 221 of the Code of Civil Procedure.* On a motion for a new trial, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." (Italics ours).

Federal Rule 59 provides:

"*Grounds.—A* new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without

---

[3] *Safeway Stores* v. *Coe*, dealt with a motion for reconsideration of an order dismissing the complaint because the plaintiff lacked capacity to sue; and that of *Jusino* v. *Morales & Tió* with a motion for reconsideration dismissing the complaint for lack of facts sufficient to constitute a cause of action.

jury, for any of the reasons for which rehearings have here-tofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

A slight examination of subdivision (*a*) of the above-cited Rule convinces us that our Rule 59 was not approved in the light of subdivision (*a*) of Federal Rule 59, but on the contrary, that when our Rule was drafted, only motions for new trial identical with those which up to that time had been filed under § 221 of the Code of Civil Procedure were borne in mind and not motions for reconsideration as those known in this jurisdiction. It may be said that this was expressly stated therein, by referring in said rule to § 221 of the Code of Civil Procedure. The latter provides, briefly, that a new trial may be granted for (1) irregularity in the proceedings; (2) accident or surprise; (3) newly-discovered evidence; (4) excessive damages; (5) insufficiency of evidence and (6) error in law. Section 292 of that Code provides how and when motions for reconsideration may be filed.

A motion for a new trial predicated on one or more of the grounds above set forth is something very different from the motion for reconsideration known to us. The latter has for its object to give the court, which rendered the judgment or order sought to be reconsidered, the opportunity to correct any error or errors which the mover alleges has been committed. However, the motion for a new trial based on any of the grounds specified in § 221 has a different scope. Therefore, it is logical to conclude that in approving our Rule 59 it was done under the theory that the same refers to the ordinary motions for new trial and not to motions for reconsideration.

The motion filed on May 17 by the defendant, as noted, was filed within the fifteen-day period mentioned in

§ 292. Inasmuch as it was an *ex-parte* motion it was unnecessary to notify plaintiff within the said term, since it could be served as it was done, subsequent to the date on which the Court set a day to hear them. *Cf. Ferrari* v. *American R. R. Co.,* 39 P.R.R. 44.

■ Moreover, as it was strictly a motion for reconsideration such as those known under that name up to that time, which only raised certain questions of law which according to defendants had been erroneously decided by the lower court and, for whose decision it was unnecessary to hold a new trial, that motion was fully covered by § 292 and in nowise by Rule 59 of the Rules of Civil Procedure.

Since motions for reconsideration are governed in Puerto Rico by § 292 of the Code of Civil Procedure as amended, and not by Rule 59, judgment will be rendered discharging the writ issued.